**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **FAITH BLAKE,** | § | |
| **(No. 73053-279),** | § | **Civil Action No. 4:20-CV-807-P** |
| | § | |
| **TIFFANY SNODGRASS,** | § | |
| **(No. 20160-043),** | § | **Civil Action No. 4:20-CV-852-P** |
| | § | |
| **BARBARA CARNNAHAN,** | § | |
| **(No. 281221-045),** | § | **Civil Action No. 4:20-CV-853-P** |
| | § | |
| **SHELLY MIXON,** | § | |
| **(No. 12079-480),** | § | **Civil Action No. 4:20-CV-854-P** |
| | § | |
| **PEGGY CHAFFIN,** | § | |
| **(No.70653-061),** | § | **Civil Action No. 4:20-CV-856-P** |
| | § | |
| **VICTORIA MARTINEZ,** | § | |
| **(No. 77453-479),** | § | **Civil Action No. 4:20-CV-858-P** |
| | § | |
| **ARIEL BISHOP,** | § | |
| **(No. 27411-009),** | § | **Civil Action No. 4:20-CV-871-P** |
| | § | |
| **BRANDI MOORE,** | § | |
| **(No. 37492-480),** | § | **Civil Action No. 4:20-CV-873-P** |
| | § | |
| **STEPHANIE WALKER,** | § | |
| **(No. 27266-078),** | § | **Civil Action No. 4:20-CV-879-P** |
| | § | |
| **GEORGIA GREGG,** | § | |
| **(No. 09223-479),** | § | **Civil Action No. 4:20-CV-880-P** |
| | § | |
| **GENESIS GONZALEZ,** | § | |
| **(No. 19703-480),** | § | **Civil Action No. 4:20-CV-881-P** |
| | § | |
| **JULIANA LOURDE,** | § | |
| **(No. 28023-078),** | § | **Civil Action No. 4:20-CV-882-P** |
| | § | |
| **TESA KEITH,** | § | |
| **(No. 58769-177),** | § | **Civil Action No. 4:20-CV-885-P** |
| | § | |
| **LAURA SHAUGER,** | § | |

(No. 68517-066),                        §      Civil Action No. 4:20-CV-890-P
                                        §
**SAMANTHA FORSYTHE,**                  §
(No. 31158-064),                        §      Civil Action No. 4:20-CV-891-P
                                        §
**WENDY ESPINOZA,**                     §
(No. 12293-010),                        §      Civil Action No. 4:20-CV-898-P
                                        §
**AMY ROBERTSON,**                      §
(No. 12574-028),                        §      Civil Action No.4:20-CV-901-P
                                        §
**CANDICE KLEIN,**                      §
(No. 26623-078),                        §      Civil Action No. 4:20-CV-902-P
                                        §
**CAROLINA MEDELLIN,**                  §
(No. 98155-051),                        §      Civil Action No. 4:20-CV-905-P
                                        §
**VERONICA VALENZUELA,**                §
(No. 50918-051),                        §      Civil Action No. 4:20-CV-907-P
                                        §
**CHRISTINA JUAREZ,**                   §
(No. 48416-177),                        §      Civil Action No. 4:20-CV-908-P
                                        §
**EUGENIA ROWLAND,**                    §
(No. 13940-273),                        §      Civil Action No. 4:20-CV-909-P
                                        §
**CRYSTAL THOMAS,**                     §
(No. 27832-078),                        §      Civil Action No. 4:20-CV-910-P
                                        §
**LAURA HERNANDEZ,**                    §
(No. 38575-379),                        §      Civil Action No. 4:20-CV-911-P
                                        §
**JESSICA CHRONISTER,**                 §
(No. 27884-064),                        §      Civil Action No. 4:20-CV-913-P
                                        §
**JENNIFER BARELA,**                    §
(No. 89655-051),                        §      Civil Action No. 4:20-CV-916-P
                                        §
**TARA CHILDRESS,**                     §
(No. 27847-045),                        §      Civil Action No. 4:20-CV-918-P
                                        §
**KRISTINA KOEHN,**                     §
(No. 15271-062),                        §      Civil Action No. 4:20-CV-919-P

| | | |
|---|---|---|
| **ROSE MYERS,** | § | |
| (No.08419-063) | § | Civil Action No. 4:20-CV-920-P |
| | § | |
| **TAMMY MARIE LATHAM,** | § | |
| (No. 38333-479), | § | Civil Action No. 4:20-CV-1000-P |
| | § | |
| **ROSE LINDA GANCERES,** | § | |
| (No. 12577-479), | § | Civil Action No. 4:20-CV-1044-P |
| | § | |
| **FABIOLA SANCHEZ,** | § | |
| (No. 85255-280), | § | Civil Action No. 4:20-CV-1045-P |
| | § | |
| **ELVA SOFIA IBARRA,** | § | |
| (No. 48282-177), | § | Civil Action No. 4:20-CV-1052-P |
| | § | |
| **KAREN MAE LEE,** | § | |
| (No. 57409-380), | § | Civil Action No. 4:20-CV-1081-P |
| | § | |
| **MARIA NUNEZ,** | § | |
| (No. 26633-078), | § | Civil Action No. 4:20-CV-1095-P |
| | § | |
| **SYLVIA RODRIGUEZ POBLANO,** | § | |
| (No. 81880-179), | § | Civil Action No. 4:20-CV-1096-P |
| | § | |
| **CONNIE VELEZ,** | § | |
| (No. 33190-045), | § | Civil Action No. 4:20-CV-1120-P |
| | § | |
| **Plaintiffs,** | § | |
| vs. | § | |
| | § | |
| **WARDEN CARR,** | § | |
| FMC-Carswell, et al., | § | |
| **Defendants.** | § | |

**OPINION and ORDER OF PARTIAL DISMISSAL**
**UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)**

These cases are before this Court for review of the inmates/plaintiffs' pleadings under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). The stay previously ordered in these cases will be lifted.

## I.   PLAINTIFFS' PLEADINGS

In the complaints, the above-listed plaintiffs, all inmates at FMC-Carswell in Fort Worth, Texas, complain of the conditions of their confinement arising from the institution's policies implemented as a result of the COVID-19 pandemic.  Although the plaintiffs seek compensatory monetary damages and other forms of relief, they also seek "immediate release" or a "reduction in sentence." Because the Court does not have jurisdiction to consider the plaintiffs' motions/requests for compassionate release or to modify the terms of their respective sentences, the Court will order that those claims be **DISMISSED**.

## II.   PRELIMINARY SCREENING UNDER § 1915A and § 1915(e)(2)(B)

Plaintiffs are all inmates who have been permitted to proceed *in forma pauperis* under the provisions of 28 U.S.C. § 1915. As prisoners seeking redress from a governmental entity or officer or employee of a governmental entity, their  pleadings are subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because they are proceeding *in forma pauperis*, their complaints are also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level."*Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" do not suffice to state a claim upon which relief may be granted. *Id.*

## III.  ANALYSIS

As noted, these plaintiffs assert claims for monetary damages and other relief against individual defendants, and the Court will later screen and consider the viability of those claims. The plaintiffs also seek *immediate* compassionate release or a reduction  in sentence due to exposure to COVID-19. Am. Complaints (emphasis added). The Court notes that a compassionate release reduction or modification of sentence is provided for in 18 U.S.C. § 3582(c)(1)(A). The Fifth Circuit has found that a district court, other than the sentencing court, lacks jurisdiction to consider a § 3582(c) motion to reduce sentence. *See Landazuri v. Hall*, 423 F. App'x 475, 2011 WL 1659572, at *1 (5th Cir. April 28, 2011) ("Because

Landazuri did not file this [§ 3582(c)] challenge to his sentence in the court in which he was sentenced, the district court ruled correctly that it lacked jurisdiction to consider it."); *see also Clark v. Upton, Et Al.*, No. 4:19-cv-064-A (N.D. Tex. Feb. 22, 2019) ("Inasmuch as the court is to consider the factors set forth in 18 U.S.C. § 3552(a) in making a determination of the kind Clark seeks [compassionate release under § 3582(c)(1)(A)] , the court finds that the sentencing court would be more appropriately suited to make the decision on Clark's motion."). Thus, to the extent these plaintiffs have incorporated a request or motion for a modification of sentence under 18 U.S.C. § 3582(c)(1)(A) based upon the COVID-19 pandemic, such requests must be dismissed without prejudice to each plaintiff's right to seek such relief in their respective sentencing court.

## IV.    ORDER

It is **ORDERED** that the **STAY** previously issued in these cases is **LIFTED**.

It is further **ORDERED** that all of the plaintiffs' motions/requests for compassionate release in these cases, construed as motions/requests for modification of sentence under 18 U.S.C. § 3582(c)(1)(A), are **DISMISSED** for lack of jurisdiction without prejudice to any such Plaintiff seeking relief in her sentencing court.[1]

---

[1] The Court notes that three of the plaintiffs— Tesa Keith (BOP No. 58769-177 -- criminal case number 6:19-CR-020-P), Christina Juarez (BOP No. 48416-177 – criminal case number 4: 14-CR-150-O)  and Elva Sofia Ibarra (BOP No. 48282-177 – criminal case number 3:14-CR-210-D)— were convicted in the Northern District of Texas. The claims for immediate release or for modification of sentence of these three plaintiffs' are **DISMISSED** without prejudice to seeking such relief through the filing of a motion to reduce sentence in their underlying criminal case.

**SO ORDERED** this **22nd day** of **December, 2020.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE